IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

WESLEY JEFFERSON,
ADC #104933                                                                                          PLAINTIFF

5:08CV00336WRW/HLJ

JOHN B. JENKINS, et al.                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

>   other non-testimonial evidence desired to be introduced at
>   the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a state inmate incarcerated at the Varner Unit of the Arkansas Department of Correction (ADC), has been granted leave to proceed in forma pauperis in this lawsuit filed pursuant to 42 U.S.C. § 1983 (DE #3). In that Order, the Court also directed plaintiff to file an amended complaint, finding his complaint too vague and conclusory to enable the Court to determine whether it is frivolous, fails to state a claim for relief, or states a legitimate cause of action. Plaintiff has filed an amended complaint (DE #5).

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief. The test for determining if an action is frivolous is whether the plaintiff can make a rational argument on the facts or law in support of his claim. The term "frivolous" refers to the "inarguable legal conclusion" and the "fanciful factual allegation." Neitzke v. Williams, 490 U.S. § 319 (1989). In addition, a complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to

relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Having reviewed plaintiff's complaint, the Court finds that it must be dismissed for failure to state a claim.   In order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  Plaintiff states in his complaint that defendants refused to feed him on one occasion, as punishment for failing to obey a direct order.  He states he is the victim of cruel and unusual punishment and cites to a Varner Unit policy which provides that food should never be withheld as a form of punishment.  See VU 11.2.0, DE #5.

Initially, the Court notes that the mere violation of a state law or rule does not constitute a constitutional  violation.   Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1993).  In addition, the deprivation of food constitutes cruel and unusual punishment in violation of the Eighth Amendment if it denies an inmate the "minimal civilized measure of life's necessities."  Wilson v. Seiter, 401 U.S. 294, 298 (1991).  In determining whether a deprivation of food falls below this threshold, the court looks to the amount and duration of the deprivation.  Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998). An allegation  that plaintiff was denied a single meal by defendants, however, fails to  state  a  constitutional  claim.   Wilkins v. Roper, 843 F.Supp. 1327, 1328 (E.D. MO 1994). Therefore, the Court finds that plaintiff's complaint should be dismissed for failure to state a claim.[1]

---

[1] This dismissal constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C § 1915(g), which provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.  In addition, the Court notes that two prior cases filed by plaintiff were dismissed as frivolous and for failure to state a claim, which also constitute "strikes" within the meaning of the PLRA.  See Fenner v. Doe, et al., 4:05cv00486 and Fenner v.

Accordingly,

IT IS, THEREFORE, ORDERED that pursuant to 28 U.S.C. §1915A(b)(1), plaintiff's complaint against defendants is DISMISSED for failure to state a claim.

The Court hereby certifies, pursuant to 28 U.S.C. §1915 (a)(3) that an <u>in forma pauperis</u> appeal taken from this Memorandum and Order and accompanying Judgment dismissing this action is considered frivolous and not in good faith.

IT IS SO ORDERED this 28th day of January, 2009.

_Henry L. Jones, Jr._
United States Magistrate Judge

---

<u>Great Britain</u>, 4:07cv00686.